**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | Chapter 11 |
| **TERMANO, LLC** | ) | |
| (Debtor) | ) | Case No.  09 - 08457 |
| | ) | |
| | ) | The Honorable Carol A. Doyle |
| **COMMERCIAL COIN** | ) | |
| **SYSTEMS** (Movant) | ) | |
| | ) | |
| **GLENN B.  STEARNS** | ) | |
| (Respondent/Trustee) | ) | |

**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES COMMERCIAL COIN LAUNDRY SYSTEMS (the "Movant"), by and

through its attorneys, Russel G. Winick & Associates, P.C.,  and for its Amended Motion for Relief

from Automatic Stay states as follows:

1.     Movant  is an Illinois general partnership, with a principal place of business

located in Chicago, Cook County, Illinois.

2.     Movant is engaged in the business of installing and maintaining commercial laundry

equipment in leased premises of multiple unit apartment and condominium buildings for the use of

the residents therein.

3.     On or about December 24, 1991, Movant, as lessee, entered into written leases (the

"Leases") with Lessor, David Rasmussen, for the buildings commonly known as 904 and 908

Broadway, Urbana, Illinois (the "Property"),  for the purpose of Movant installing and maintaining

commercial laundry equipment (consisting of  36 laundry machines) in the Demised Premises.  A

1

copy of each Lease and Rider are attached hereto and incorporated herein as Group Exhibit "A."

4.      Section E of the Leases provides that the initial term of ten (10) years, commenced

January 15, 1992 and was to expire January 14, 2002, unless terminated.

5.      Section 8 of the Leases provide:

> " It is further understood and agreed by and between the parties
> hereto that this Lease shall be extended for an additional
> period of ten years from the date of its expiration unless Lessee
> gives to Lessor notice in writing by United States Certified
> Mail at least 60 days prior to the end of the initial term herein
> of Lessee's intention not to extend this Lease. At the expiration
> of the additional period herein, this Lease shall continue for
> subsequent ten year terms unless terminated by either Lessee
> or Lessor effective at the expiration date of the additional
> period or any subsequent term herein, by notice in writing
> strictly conforming to the provisions hereof by United States
> Certified Mail, to the other party's main office (not any
> regional office), one to the other, not less than three hundred
> sixty-five days and not more than three hundred ninety-five
> days prior to the end of said additional period or any such
> subsequent term herein.  Time is of the essence with respect to
> this lease.  If property(s) is sold or management is changed
> subsequent to any written notice provided herein and prior to
> the end of Lessee's tenancy, then said notice shall be null and
> void, and shall be considered rescinded."

6.      Movant (Lessee) did not terminate the Leases pursuant to Section 8 of the Leases,

and absent such termination, the Leases renewed for an additional ten years, pursuant to their terms.

7.      The Leases entitle Movant to receive compensation according to the machines'

revenue generated by the Property's occupants' use, and requires that Movant pay to Lessor

("Debtor") a percentage of that generated revenue. See Riders of Group Exhibit "A."

8.      Section 2 of the Leases provide:

> "Lessor agrees that Lessee shall have exclusive control and

2

possession of the demised premises. Lessee does hereby give and grant to Lessor the right to use the demised premises for any purpose essential for the operation of the property(s) in which the demised premises are located, provided that such use does not interfere with the Lessee's maintenance and operation of its laundry equipment. Lessee is to be furnished with all keys necessary to obtain free access. The terms and conditions of this Lease are to be strictly construed"

9.   Section 5 of the Leases provide:

"Lessor covenants and agrees that Lessor will not install or operate, nor permit any person, firm or corporation (other than Lessee) to install or operate, in said premises, or elsewhere in said property(s), any laundry equipment, at any time during the period that this Lease shall continue in full force and effect. Lessor warrants that the premises have adequate utilities and proper venting and there will be no building code violation which adversely affects the ability of Lessee to install, operate or maintain its laundry equipment. All taxes, license fees, and similar charges imposed by any governmental body upon the laundry services at the demised premises shall be borne by Lessor. Lessor shall be responsible for all janitorial and housekeeping services for the laundry room and equipment."

10.   Upon information and belief, the machines have not generated revenue for Movant, or for Lessor.

11.   Upon further information and belief, Movant's machines have been disconnected and/or removed from the Demised Premises in violation of the Leases.

12.   Movant has valid and enforceable Leases that run with the land and bind subsequent purchasers of the Property. See Section 4 of the Leases attached hereto as Group Exhibit "A."

13.   Movant is entitled to possession of the Demised Premises, its machines, and to generate revenue pursuant to those valid and enforceable Leases.

3

14.     Good cause exists to lift the Automatic Stay allowing Movant to enforce its contractual right to the Demised Premises in a court of law,  as there is no great prejudice to either the bankruptcy estate or the Debtor to result and the hardship to the Movant caused by continuation of the stay considerably outweighs any  hardship caused to the Debtor.

WHEREFORE, Movant requests that the this honorable Court lift the Automatic Stay provisions of § 362(a) of the Bankruptcy Code, thereby allowing Movant to file a Forcible Entry and Detainer action in Champaign County, Illinois for the sole purposes of obtaining and retaining possession of the Demised Premises pursuant to its valid Leases.

Respectfully submitted,

HERITAGE ACCEPTANCE CORPORATION

One of its attorneys

Robert Koback / Arleesia L. McDonald
Russel G. Winick & Associates, P.C.
1220 Iroquois Avenue
Suite 100
Naperville, Illinois 60563
(630) 548-5800
Atty. No.  6256948

4

This Lease made this ___24TH___ day of ___DECEMBER___ 19 _91_ at Chicago, Illinois between

COMMERCIAL COIN LAUNDRY SYSTEMS

DAVID RASMUSSEN
3175 COMMERCIAL AVENUE SUITE 100
NORTHBROOK, ILLINOIS 60062

hereinafter called Lessor,

**Witnesseth**, that Lessor, for and in consideration of the covenants and agreements hereinafter contained, does hereby demise and lease to the Lessee for use only by the Lessee, the laundry room(s) or laundry area(s) in the building(s) commonly known as:

908 BROADWAY (CRYSTAL LAKE VILLAGE)

URBANA, ILLINOIS
containing __48__ apartments.
(A further description or drawing of the laundry room(s) or laundry area(s) may be attached hereto as Schedule "A") and legally described as:
(Either of the parties hereto reserve the right to insert the correct legal description of said Premises at any time hereafter by attaching a rider hereto.)

For the following purposes:

A. For Lessee to install, place and operate on said premises commercial laundry equipment for the use by the residents of said premises;

B. For Lessee to use and occupy said space in close proximity to the plumbing, gas, electrical and sewer fixtures and facilities in said laundry room(s) or laundry area(s) for the efficient operation of said equipment;

C. For Lessee to connect said equipment to and through the electric, water, heat, gas and sewer lines in said premises;

D. For Lessor to furnish, and for Lessee to use, Lessor's electricity, gas, heat, hot and cold water, which may be necessary for the efficient operation of said equipment, all at Lessor's expense.

E. **To Have and to Hold the Same**, for and during a term of ten years commencing __JANUARY 15, 1992__

In consideration of said demise and the covenants and agreements hereinafter expressed, it is covenanted and agreed as follows:

1. The Lessor agrees that the residents of the building(s) described above, shall have free and unobstructed access to the demised premises during reasonable hours for the purpose of using such laundry equipment installed therein.

2. Lessor agrees that Lessee shall have exclusive control and possession of the demised premises. Lessee does hereby give and grant to Lessor the right to use the demised premises for any purpose essential for the operation of the building(s) in which the demised premises are located, provided that such use does not interfere with the Lessee's maintenance and operation of its laundry equipment.

3. Lessee shall pay to Lessor as rent for the demised premises and for the privileges, services and utilities aforesaid, a sum equal to fifteen per cent of the dollar amount of Lessee's receipts from the aforesaid laundry equipment during the period that this Lease shall continue in full force and effect. The aforesaid payments shall be made to the Lessor semi-annually or sooner. Lessor guarantees, however, that Lessee shall receive as minimum compensation hereunder the cash equivalent, per day, of the price of one washing and drying cycle per installed washer and dryer, and Lessor agrees that Lessee shall deduct rent otherwise due, if necessary, to attain said compensation. The charges to be made to the residents of said premises for the use of said equipment, and the frequency of collections shall be determined solely by Lessee.

4. Lessor represents and warrants that Lessor is the owner, beneficial owner, contract purchaser, lessee, or duly-authorized managing agent of the aforesaid premises, and that Lessor has good right and lawful authority to enter into and execute this Lease under all of the terms and provisions herein set forth, and that this Lease will be binding upon Lessor and all future owners, and their heirs, executors, and assigns of the Lessor. It is the intention of the parties hereto that this Lease run with the land and buildings hereinabove described. Lessor further warrants that there is no other Lease or Agreement in effect regarding the demised premises or regarding installation and operation of laundry equipment upon the demised premises.

5. Lessor covenants and agrees that Lessor will not install or operate, nor permit any person, firm or corporation (other than Lessee) to install or operate, in said premises, or elsewhere in said building(s), any laundry equipment, at any time during the period that this Lease shall continue in full force and effect. Lessor warrants that the premises have adequate utilities and proper venting and there will be no building code violation which adversely affects the ability of Lessee to install, operate or maintain its laundry equipment. All taxes, license fees, and similar charges imposed by any governmental body upon the laundry services at the demised premises shall be borne by Lessor. Lessor shall be responsible for all janitorial and housekeeping services for the laundry room and equipment.

6. Lessee covenants to equip the laundry room with commercial washing and drying equipment and to operate said laundry equipment in said premises, for use by the residents of said premises, during the period that this Agreement shall continue in full force and effect as herein provided; and during said period, to maintain said equipment on said premises in reasonably good working order for the prudent

use thereof, except when unable to do so during necessary repairs or replacements or for any other reasons beyond Lessee's reasonable control or prevention. The type, style and quantity of laundry equipment installed shall be at the sole discretion of the Lessee, provided, however, that Lessee must install at least one washer and one dryer.

7. Title to the aforesaid laundry equipment (including fixtures, wiring, plumbing and accessories, supplied or installed by Lessee) shall at all times remain vested solely in Lessee.

8. It is further understood and agreed by and between the parties hereto that this Lease shall be extended for an additional period of ten years from the date of its expiration unless Lessee gives to Lessor notice in writing by United States Certified Mail at least 60 days prior to the end of the initial term herein of Lessee's intention not to extend this Lease. At the expiration of the additional term herein, this Lease shall continue for subsequent ten year terms unless terminated by either Lessee or Lessor effective at the expiration date of the additional term or any subsequent term herein, by notice in writing strictly conforming to the provisions hereof by United States Certified Mail, to the other party's main office (not any regional office), one to the other, not less than three hundred sixty-five days and not more than four hundred ten days prior to the end of said additional term or any such subsequent term herein. If property is sold or management is changed subsequent to any written notice provided herein and prior to the end of Lessee's tenancy, then said notice shall be null and void, and shall be considered rescinded.

9. Upon termination of this Lease, Lessor will not enter into any new Lease for said premises with any third party, without first sending Lessee, by Certified Mail, return receipt requested, a copy of any bona fide offer, and giving Lessee sixty days thereafter to meet the terms of such offer. The notice of termination set forth in paragraph eight shall be null and void and shall be considered rescinded unless Lessor sends to Lessee by Certified Mail, return receipt requested, a copy of any bona fide offer as aforestated, not more than one hundred and eighty days after Lessee's receipt of said notice of termination, and thereafter gives Lessee said right of first refusal.

10. Lessee agrees to procure and carry public liability insurance coverage (in liability limits of not less than $500,000.00/$500,000.00) insuring against all claims for personal injuries and property damage arising out of the use of said equipment. Lessor shall provide adequate security for the Laundry Room(s) or Laundry Area(s) and for Lessee's laundry equipment therein. In the event of a breach hereof, rent otherwise payable hereunder may be withheld until Lessee is reimbursed for any losses resulting therefrom.

11. Lessee shall give to Lessor the sum of $__9,000.00__ which sum is to reimburse for improvements made or to be made by Lessor to the laundry room premises leased herein.

12. This Agreement shall be governed by the laws of the State of Illinois, with the courts of Cook County having sole and exclusive jurisdiction. Lessor shall be liable for all costs, including attorneys fees, incurred by Lessee in enforcing this Lease.

13. This Lease shall not take effect until accepted by Lessee at office of Lessee in Chicago, Illinois.

LESSOR
DAVID RASMUSSEN

/ L _____
(SEAL)

LESSEE
COMMERCIAL COIN LAUNDRY SYSTEMS

_____
(SEAL)

**EXHIBIT**
Group A

RIDER TO LEASE

A.  THE FIRST SENTENCE OF PARAGRAPH #3 IS NULL AND VOID AND
SHALL BE REPLACED BY THE FOLLOWING:

"LESSEE SHALL PAY TO LESSOR AS RENT FOR THE DEMISED PREMISES
AND FOR THE PRIVILEGES, SERVICES AND UTILITIES AFORESAID, A
SUM EQUAL TO 50% OF THE DOLLAR AMOUNT OF LESSEE'S COIN
RECEIPTS FROM THE AFORESAID COIN OPERATED EQUIPMENT DURING
THE PERIOD THAT THIS LEASE SHALL CONTINUE IN FULL FORCE AND
EFFECT."

B.  IN THE EVENT LAUNDRY EQUIPMENT BY FLOYD CHOOSES TO ENFORCE
ITS AGREEMENT DATED JULY 30, 1986, LESSEE WILL DISCONNECT
ITS EQUIPMENT UNTIL THE END OF THE CURRENT TERM, JULY 30,
1992, AT WHICH TIME IT WILL RECONNECT ITS EQUIPMENT.

Case 09-08457    Doc 26-1    Filed 05/11/09    Entered 05/11/09 16:14:51    Desc Document
Continued Amended Motion    Page 7 of 8

This Lease made this 24th day of DECEMBER 19 91 at Chicago, Illinois between

COMMERCIAL COIN LAUNDRY SYSTEMS hereinafter called Lessee,

DAVID RASMUSSEN
3175 COMMERCIAL AVENUE SUITE 100
NORTHBROOK, ILLINOIS 60062

**Witnesseth**, that Lessor, for and in consideration of the covenants and agreements hereinafter contained, does hereby demise and lease to the Lessee for use only by the Lessee, the laundry room(s) or laundry area(s) in the building(s) commonly known as:

hereinafter called Lessor.

904 BROADWAY  (CRYSTAL LAKE VILLAGE)

URBANA, ILLINOIS

(A further description or drawing of the laundry room(s) or laundry area(s) may be attached hereto as Schedule "A") and legally described as: containing 60 apartments,
(Either of the parties hereto reserve the right to insert the correct legal description of said Premises at any time hereafter by attaching a rider hereto.)

For the following purposes:

A.    For Lessee to install, place and operate on said premises commercial laundry equipment for the use by the residents of said premises;

B.    For Lessee to use and occupy said space in close proximity to the plumbing, gas, electrical and sewer fixtures and facilities in said laundry room(s) or laundry area(s) for the efficient operation of said equipment;

C.    For Lessee to connect said equipment to and through the electric, water, heat, gas and sewer lines in said premises;

D.    For Lessor to furnish, and for Lessee to use, Lessor's electricity, gas, heat, hot and cold water, which may be necessary for the efficient operation of said equipment, all at Lessor's expense.

E. To Have and to Hold the Same, for and during a term of ten years commencing JANUARY 15, 1992

In consideration of said demise and the covenants and agreements hereinafter expressed, it is covenanted and agreed as follows:

1. The Lessor agrees that the residents of the building(s) described above, shall have free and unobstructed access to the demised premises during reasonable hours for the purpose of using such laundry equipment installed therein.

2. Lessor agrees that Lessee shall have exclusive control and possession of the demised premises. Lessee does hereby give and grant to Lessor the right to use the demised premises for any purpose essential for the operation of the building(s) in which the demised premises are located, provided that such use does not interfere with the Lessee's maintenance and operation of its laundry equipment.

3. Lessee shall pay to Lessor as rent for the demised premises and for the privileges, services and utilities aforesaid, a sum equal to fifteen per cent of the dollar amount of Lessee's receipts from the aforesaid laundry equipment during the period that this Lease shall continue in full force and effect. The aforesaid payments shall be made to the Lessor semi-annually or sooner. Lessor guarantees, however, that Lessee shall receive as minimum compensation hereunder the cash equivalent, per day, of the price of one washing and drying cycle per installed washer and dryer, and Lessor agrees that Lessee shall deduct rent otherwise due, if necessary, to attain said compensation. The charges to be made to the residents of said premises for the use of said equipment, and the frequency of collections shall be determined solely by Lessee.

4. Lessor represents and warrants that Lessor is the owner, beneficial owner, contract purchaser, lessee, or duly-authorized managing agent of the aforesaid premises, and that Lessor has good right and lawful authority to enter into and execute this Lease under all of the terms and provisions herein set forth, and that this Lease will be binding upon Lessor and all future owners, and their heirs, executors, and assigns of the premises hereto. It is the intention of the parties hereto that this Lease run with the land and buildings hereinabove described. Lessor further warrants that there is no other Lease or Agreement in effect regarding the demised premises or regarding installation and operation of laundry equipment upon the demised premises.

5. Lessor covenants and agrees that Lessor will not install or operate, nor permit any person, firm or corporation (other than Lessee) to install or operate, in said premises, or elsewhere in said building(s), any laundry equipment, at any time during the period that this Lease shall continue in full force and effect. Lessor warrants that the premises have adequate utilities and proper venting and there will be no building code violation which adversely affects the ability of Lessee to install, operate or maintain its laundry equipment. All taxes, license fees, and similar charges imposed by any governmental body upon the laundry services at the demised premises shall be borne by Lessor. Lessor shall be responsible for all janitorial and housekeeping services for the laundry room and equipment.

6. Lessee covenants to equip the laundry room with commercial washing and drying equipment and to operate said laundry equipment in said premises, for use by the residents of said premises, during the period that this Agreement shall continue in full force and effect as herein provided; and during said period, to maintain said equipment on said premises in reasonably good working order for the prudent

use thereof, except when unable to do so during necessary repairs or replacements or for any other reasons beyond Lessee's reasonable control or prevention. The type, style and quantity of laundry equipment installed shall be at the sole discretion of the Lessee, provided, however, that Lessee must install at least one washer and one dryer.

7. Title to the aforesaid laundry equipment (including fixtures, wiring, plumbing and accessories, supplied or installed by Lessee) shall at all times remain vested solely in Lessee.

8. It is further understood and agreed by and between the parties hereto that this Lease shall be extended for an additional period of ten years from the date of its expiration unless Lessee gives to Lessor notice in writing by United States Certified Mail at least 60 days prior to the end of the initial term herein of Lessee's intention not to extend this Lease. At the expiration of the additional term herein, this Lease shall continue for subsequent ten year terms unless terminated by either Lessee or Lessor effective at the expiration date of the additional term or any subsequent term herein, by notice in writing strictly conforming to the provisions hereof by United States Certified Mail, to the other party's main office (not any regional office), one to the other, not less than three hundred sixty-five days and not more than four hundred (en days prior to the end of said additional term or any such subsequent term herein. If property is sold or management is changed subsequent to any written notice provided herein and prior to the end of Lessee's tenancy, then said notice shall be null and void, and shall be considered rescinded.

9. Upon termination of this Lease, Lessor will not enter into any new Lease for said premises with any third party, without first sending Lessee, by Certified Mail, return receipt requested, a copy of any bona fide offer, and giving Lessee sixty days thereafter to meet the terms of such offer. The notice of termination set forth in paragraph eight shall be null and void and shall be considered rescinded unless Lessor sends to Lessee by Certified Mail, return receipt requested, a copy of any bona fide offer as aforestated, not more than one hundred and eighty days after Lessee's receipt of said notice of termination, and thereafter gives Lessee said right of first refusal.

10. Lessee agrees to procure and carry public liability insurance coverage (in liability limits of not less than $500,000.00/$500,000.00) insuring against all claims for personal injuries and property damage arising out of the use of said equipment. Lessor shall provide adequate security for the Laundry Room(s) or Laundry Area(s) and for Lessee's laundry equipment therein. In the event of a breach hereof, rent otherwise payable hereunder may be withheld until Lessee is reimbursed for any losses resulting therefrom.

11. Lessee shall give to Lessor the sum of $ 9,000.00 which sum is to reimburse for improvements made or to be made by Lessor to the laundry room premises leased herein.

12. This Agreement shall be governed by the laws of the State of Illinois, with the courts of Cook County having sole and exclusive jurisdiction. Lessor shall be liable for all costs, including attorneys fees, incurred by Lessee in enforcing this Lease.

13. This Lease shall not take effect until accepted by Lessee at office of Lessee in Chicago, Illinois.

LESSOR

DAVID RASMUSSEN

/s/

LESSEE
COMMERCIAL COIN LAUNDRY SYSTEMS

/s/

RIDER TO LEASE

A.   THE FIRST SENTENCE OF PARAGRAPH #3 IS NULL AND VOID AND
     SHALL BE REPLACED BY THE FOLLOWING:

     "LESSEE SHALL PAY TO LESSOR AS RENT FOR THE DEMISED PREMISES
     AND FOR THE PRIVILEGES, SERVICES AND UTILITIES AFORESAID, A
     SUM EQUAL TO 50% OF THE DOLLAR AMOUNT OF LESSEE'S COIN
     RECEIPTS FROM THE AFORESAID COIN OPERATED EQUIPMENT DURING
     THE PERIOD THAT THIS LEASE SHALL CONTINUE IN FULL FORCE AND
     EFFECT."

B.   IN THE EVENT LAUNDRY EQUIPMENT BY FLOYD CHOOSES TO ENFORCE
     ITS AGREEMENT DATED JULY 30, 1986, LESSEE WILL DISCONNECT
     ITS EQUIPMENT UNTIL THE END OF THE CURRENT TERM, JULY 30,
     1992, AT WHICH TIME IT WILL RECONNECT ITS EQUIPMENT.