# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERMANO, LLC | ) | Chief Judge Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No.    09-08457 |
| | ) | Hearing:    June 30, 2009 at 10 am |

## NOTICE OF MOTION

To:    See attached service list

　　　PLEASE TAKE NOTICE that on **Tuesday, June 30, 2009 at 10:00 a.m.** I shall appear before the Honorable Carol A. Doyle, or any other Judge sitting in her stead, in Courtroom 742, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and shall then and there present the Debtor's **Motion for Order Authorizing and Restricting Use of Cash Collateral,** a copy of which is enclosed and is herewith served upon you. At which time and place you may appear and be heard.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Forrest L. Ingram
　　　　　　　　　　　　　　　　　　　　　　　　One of Debtor's attorneys

Forrest L. Ingram, #3129032
Peter L. Berk
Patrick F. Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

## CERTIFICATE OF SERVICE

　　　I, Gautham Kaveti, an attorney, certify that I served a true and correct copy of the above and foregoing notice and the document to which it refers on the parties listed on the attached service list, on June 9, 2009, either by electronic filing through ECF, by regular U.S. mail, and /or by email.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Forrest L. Ingram

# SERVICE LIST

**By ECF Notice:**

**William T. Neary**
**Office of the U.S. Trustee, Region 11**
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

**Commercial Coin Laundry Systems**
c/o Robert Koback
Russel G. Winick & Associates, P.C.
1220 Iroquois Avenue, Suite 100
Naperville, IL 60563
rkoback@winicklaw.com

**By US Mail and Email**:

**Centrue Bank**
321 West Main Street
Ottawa, Illinois 61350
FaiqMihlar@hsbattys.com

**Termano, LLC**
269 Blackhawk Road
Riverside, IL 60546
eolsauskas@comcast.net

**By US Mail**:

AT&T
P.O. Box 277019
Atlanta, GA 30384-7019

Able Aire Service
1874 County Road 1600
N#A
Urbana, IL 61802

Ameren IP
2200 E Eldorado Street
Decatur, IL 62521

Area Disposal Service
Route 51 S
Clinton, IL 61727

Arthur L. Mann
507 S. Broadway Ave.
Urbana, IL 61801

Champaign County
Assessor
1776 E. Washington
Urbana, IL 61802

City of Urbana
400 S. Vine Street
Urbana, IL 61801

Commercial Coin Laundry
Systems
3750 N. Cicero Ave.
Chicago, IL 60641

Illinois American Water
300 North Water Works Dr
Belleville, IL 62223

Insight/Comcast
One Comcast Center
Philadelphia, PA 19103

Midstate Collection
Solutions
1711 S Neil Street #2
Champaign, IL 61820

2

Orkin Pest Control
4110 Fieldstone Rd
Champaign, IL 61822

Technology Specialists
Group, Inc.
201 W Springfield Ave,
Ste 909
Champaign, IL 61820

Tessie Cuy
P.O. Box 8726
Emeryville, CA 94662

Interline Brands, Inc.
Bankruptcy - dba Wilmar
801 West Bay Street
Jacksonville, FL 32204

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERMANO, LLC | ) | Chief Judge Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No.    09-08457 |
| | ) | Hearing:    June 30, 2009 at 10 am |

## MOTION FOR ORDER AUTHORIZING
## AND RESTRICTING USE OF CASH COLLATERAL

NOW COMES the Debtor and Debtor in Possession Termano, LLC (the "Debtor"), by and through its attorneys, Forrest L. Ingram, P.C., and moves this Court to enter an order granting it leave to use the cash collateral of Centrue Bank (the "Lender") and City of Urbana (the "City"). In support of this Motion, the Debtor states the following:

1.  The Debtor is an Illinois corporation having its principal offices at 269 Blackhawk Road, Riverside, Illinois, 60546.

2.  On March 13, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. The Debtor has retained possession of its assets and has continued the operation and management of its business.

3.  The Court has jurisdiction over this case under 28 U.S.C. 1334. The subject matter of this motion is a "core proceeding" under 28 U.S.C. 157(b)(2)(A) and (M).

4.  Debtor is engaged in the conversion of rental units into condominium units and the sale of said rental units.

4

5. The Lender claims a priority lien and security interest in all of the Debtor's 55 convertible rental units and the rents derived from said units, to secure indebtedness to the Lender, claimed by the Lender to be $2,360,284.77 (the "Pre-Petition Obligations").

6. While the Debtor disputes the amount of its Pre-Petition Obligation, Debtor has not had sufficient time to determine the validity, priority, enforceability, and/or extent of the claimed lien as set forth in paragraph 5 above. Therefore, Debtor will not take a position regarding these issues in this motion, and reserves all rights with respect thereto.

7. Pursuant to 11 U.S.C. 363, the proceeds, products, offspring, rents, or profits are cash collateral.

8. An immediate need exists for the Debtor to use cash collateral in order to continue the operations of its business.

9. The attached Budget sets forth Debtor's estimates of the monthly operating expenses Debtor need to pay monthly. See **Exhibit A**. The "Per Unit Income" figure ($8,550) is based on the average net sale amount of $57,000 less $48,450 (85%), the estimated amount proposed to be paid to Centrue per sale of a unit.

10. Debtor requests that it be allowed to retain all the rents derived from the units and fifteen (15%) of the net proceeds from the sale of each rental unit. Therefore, if this motion is approved by the Court, Debtor would retain an estimated $8,550 from each unit sold plus rents of $13,800 monthly to use towards its operating expenses.

11. The Lender and Debtor were unable to reach an agreement with regards to the Debtor's use of cash collateral.

12. Without the funds necessary to rehabilitate, maintain, and market the properties, the Debtor may miss out on opportunities to sell the units, greatly reduce Debtor's chances to successfully reorganize.

13. Centrue Bank is an over-secured creditor, since the value listed on Schedule A for the fifty-five (55) convertible units ($3,437,500.00) far exceeds Centrue Bank's filed Claim ($2,360,284.77). Therefore, the Lender is already adequately protected by the equity cushion.

14. Further, Debtor, through this motion, proposes to pay the Lender 85% of the net income from each sale of the convertible units. According to the figures, the Lender's debt to equity ratio is only 68.6% ($2,360,284.77 / $3,437,500.00).

15. Debtor estimates that on average, the income generated from each sale of the units less the costs of the sale should be about $57,000.00. Based on this calculation the Lender would receive an estimated $48,450.00 for each unit sold. This would be more than adequate protection to the Lender.

16. Upon information and belief, the only other Secured Creditor in this matter is the City of Urbana for taxes, for which liens were placed on the properties in the amounts of $5,875.47 and $2,489.32, per Claim Nos. Six and Seven.

17. The City of Urbana is adequately protected for its secured portion of its claim based on the large equity cushion described above, and therefore no need for immediate payments to this creditor exist. Further, Debtor proposes that the City of Urbana obtain replacement liens on the proceeds from the Debtor's sales of rental units and on the real property.

18. On or before April 29, 2009, Debtor's counsel made a proposal to the Lender about the Debtor's use of Cash Collateral. This proposal was rejected by the Lender.

19. On April 30, 2009, Debtor's second proposal to the Lender was rejected by Lender.

20. On May 4, 2009, Debtor thought that the parties were close to reaching an agreement with the Lender; however, that modified proposal was eventually rejected by the Lender on May 19, 2009.

21. Debtor continued its attempts in negotiating the terms of Cash Collateral usage with the Lender, but Debtor now finds the need to obtain court approval, as no agreement has been reached.

22. Upon learning that no agreement is possible, Debtor brings this motion pursuant to Bankruptcy Rule 4001(b).

23. Failure to grant Debtor use of its cash collateral will cause immediate and irreparable harm to the estate.

    WHEREFORE, the Debtor prays that the Court enter an order in the form attached as a proposed order hereto, granting it leave on to use Centrue Bank's cash collateral upon the adequate protection terms set forth in the proposed Order, and for such other and further relief as the Court deems fair and just.

    Respectfully submitted,

    TERMANO, LLC

    By:   /s/ Forrest L. Ingram
           One of its attorneys

Forrest L. Ingram, #3129032
Peter L. Berk
Patrick F. Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838