IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09 B 8457 |
| TERMANO, LLC, | ) | |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | |

## NOTICE OF MOTION

TO:　See attached Service List

**PLEASE TAKE NOTICE** that on September 24, 2009 at 10:00 a.m. or as soon thereafter as counsel maybe heard, we shall appear before the Honorable Carol A Doyle presiding in the room usually occupied by her as Courtroom 742, in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead, and shall then and there present the **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, a copy of which is hereto attached and served upon you.

　　　　　　　　　　　　　　　　　　　AUGUST A. PILATI AND ASSOCIATES, LTD.
　　　　　　　　　　　　　　　　　　　53 West Jackson Boulevard, Suite 528
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　　　(312) 726-3100

## CERTIFICATE OF SERVICE

I, August A. Pilati, the undersigned attorney, certify that on September 17, 2009, I caused a copy of the foregoing Notice and attached Motion to be served on the persons listed on the attached Service List who are registrants with the Court's electronic case filing system ("ECF") via ECF, and on Termano, LLC by enclosing the same in an envelope and depositing the same with first class postage pre-paid and addressed to Termano, LLC at its address on the Service List, in the United States Postal Box located at 53 West Jackson Boulevard, Chicago, Illinois 60604 before the hour of 5:00 p.m.

　　　　　　　　　　　　　　　　　　　/s/ August A. Pilati

## SERVICE LIST

William T. Neary, Esq.
U.S. Trustee
Office of the U.S. Trustee, Region 11
Dirksen Federal Court House
219 South Dearborn Street, Room 873
Chicago, IL 60604

Forrest L. Ingram, Esq.
Law Offices of Forrest L. Ingram P.C.
79 West Monroe St.
Suite 900
Chicago, IL 60603

Termano, LLC
269 Blackhawk Road
Riverside, IL 60546

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09 B 8457 |
| | ) | |
| TERMANO, LLC, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Commercial Coin Laundry Systems ("Commercial Coin"), a creditor and party in interest herein, by its attorneys, August A. Pilati and Associates, Ltd., hereby moves for the entry of an order pursuant to 11 U.S.C §362(d) and Federal Rules of Bankruptcy Procedure 4001 and 9014 granting Commercial Coin relief from the automatic stay, and in support thereof states as follows:

### I.

### INTRODUCTION

1. On March 13, 2009 (the "Petition Date"), Termano, LLC (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. Since the Petition Date, the Debtor has remained in possession of its assets and continued to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(G).

4.    The statutory predicate for the relief sought herein are sections 362(d) and 365(h) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001 and 9014.

## II.

## BACKGROUND

5.    On or about December 24, 1991, Commercial Coin, as lessee, entered into two (2) written lease agreements, each consisting of a lease (the "Leases") and a rider thereto (the "Riders") with the original lessor, David Rasmussen, for the laundry rooms or laundry areas (the "Leased Premises") in the buildings commonly known as 904 and 908 Broadway, Urbana, Illinois (the "Property"), for the purpose of installing, maintaining, and operating commercial laundry equipment (consisting of 36 laundry machines). Copies of the Leases and Riders (hereinafter referred to collectively as the "Leases") are attached hereto as Group Exhibit A.

6.    Section E of the Leases provides for an initial lease term of ten (10) years commencing on January 15, 1992.

7.    Section 8 of the Leases reads, in relevant part, as follows:

> "It is further understood and agreed by and between the parties hereto that this Lease shall be extended for an additional period of ten years from the date of its expiration unless Lessee gives to Lessor notice in writing by United States Certified Mail at least 60 days prior to the end of the initial term herein of Lessee's intention not to extend this Lease . . ."

8.    Commercial Coin did not terminate either of the Leases as permitted by Section 8 thereof. Accordingly, both of the Leases were renewed and extended for an additional period of ten (10) years commencing on January 15, 2002.

9. Pursuant to the express provisions of the Leases, Commercial Coin was entitled to exclusive possession and control of the Leased Premises, and the lessor was prohibited from, among other things, installing or operating or permitting any other person (other than Commercial Coin) from installing or operating any laundry equipment in the Leased Premises, or elsewhere at the Property, at any time during the term of the Leases. (Leases, Sections 2 and 5).

10. Commercial Coin is informed and believes that the Debtor purchased the Property (and thereby became the new lessor under the Leases, both by operation of law and pursuant to the express provisions of Section 4 of the Leases) in April, 2005, more than three (3) years after the commencement of the additional ten (10) year term of the Leases that is now in effect.

11. On July 21, 2009, the Honorable Pamela Hollis, Bankruptcy Judge, denied without prejudice, and without reaching the merits of the claim, Commercial Coin's motion seeking relief from the automatic stay in order to file a forcible entry and detainer action in Champaign County, Illinois, for the purpose of recovering and retaining possession of the Leased Premises pursuant to the Leases. (A copy of the transcript of the proceedings before Judge Hollis on July 21, 2009, is attached hereto as Exhibit B).

12. On August 19, 2009, the Court entered an Order granting Commercial Coin's Motion to compel the Debtor to file a motion to assume or reject the Leases by August 27, 2009.

13. On August 24, 2009, the Debtor filed a Motion to reject the Leases (the "Rejection Motion"), a copy of which (without exhibits) is attached hereto as Exhibit C.

14. On September 9, 2009, the Court entered an Amended Order approving the Debtor's rejection of the Leases.

15. In the Rejection Motion, the Debtor admits that on January 26, 2009, the Debtor removed Commercial Coin's laundry equipment from the Leased Premises and placed it on the street. (Rejection Motion at 4). Such "self-help" action by the Debtor constituted a forcible eviction of Commercial Coin in violation of the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-101, *et seq.*

16. To date, Commercial Coin has not recovered any of its 36 commercial laundry machines (with a replacement value in excess of $20,000), which remain missing and unaccounted for.

17. The Debtor also admits in the Rejection Motion that in February, 2009, the Debtor entered into a new lease for the Leased Premises with CoinMach Corporation, which continues to occupy the Leased Premises and operate its commercial laundry business, in violation of the Debtor's covenants under the Leases. (Rejection Motion at 5).

### III.

### NATURE OF RELIEF REQUESTED

18. As a consequence of the Debtor's rejection of the Leases, Commercial Coin has elected pursuant to section 365(h)(1)(A)(ii) of the Bankruptcy Code not to treat the Leases as terminated, but rather to retain its rights under the Leases, including, without limitation, its right of exclusive use, possession, and enjoyment of the Leased Premises for the balance of the term of the Leases.

19. However, because Commercial Coin was unlawfully evicted by the Debtor prior to the Petition Date and thereafter has been precluded by the stay from enforcing its continuing right to exclusive use and possession of the Leased Premises, Commercial Coin requests relief

from the automatic stay to file and prosecute a forcible entry and detainer action ("Action for Possession") under applicable Illinois law to enforce its substantive rights under the Leases, and, to recover possession of the Leased Premises for the balance of the term of the Leases in order to effectuate its rights and remedies under section 365(h)(A)(i)(ii) of the Bankruptcy Code.

20. Unlike the Debtor, which had no right to terminate the Leases, but still exercised unlawful self-help to forcibly evict Commercial Coin from the Leased Premises (and then entered into a new lease with CoinMach Corporation in violation of the Leases), Commercial Coin seeks relief from the stay in order to file and prosecute an Action for Possession in Champaign County, Illinois, for the limited purpose of obtaining an order placing Commercial Coin in lawful and peaceful possession of the Leased Premises so that it can resume operation of its business for the remaining term of the Leases and otherwise exercise its rights under the Leases as expressly authorized by applicable bankruptcy law.

## IV.

## BASIS FOR REQUESTED RELIEF

21. Section 362(d)(1) provides that relief from the automatic stay may be granted for "cause." In determining whether cause exists to lift the stay to allow a creditor to proceed with litigation in another forum, courts have considered the following factors: (a) whether any great prejudice to either the debtor or its estate will result from continuation of the civil suit; (b) whether the hardship to the creditor by maintenance of the stay considerably outweighs the hardship of the debtor; and (c) the creditor has a probability of prevailing on the merits. *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill. 1986); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

22. In the Action for Possession, Commercial Coin will not seek any damages or other *in personam* relief against the Debtor or its estate, but only *in rem* relief to enforce its right to exclusive use and possession of the Leased Premises pursuant to the terms of the Leases. Only by obtaining an order placing Commercial Coin in lawful and peaceful possession of the Leased Premises can Commercial Coin realize the benefits and protections to which it is entitled under section 365(h)(1)(A) of the Bankruptcy Code.

23. Furthermore, the Debtor has proposed a five-year liquidating plan to be funded entirely from the proceeds of the projected sales of the condominium units at the Property. Accordingly, Commercial Coin's commencement of an action to recover possession of the Leased Premises at the Property will have little or no impact on the Debtor's proposed liquidating plan. In fact, if Commercial Coin succeeds in recovering possession of the Leased Premises, the Debtor will have no continuing obligations under the Leases, such as payment of utilities, by virtue of its prior rejection of the Leases. *In re Lee Road Partners Ltd.*, 155 B.R. 55, 60-61 (Bkrtcy. E.D. N.Y. 1993), *aff'd* 169 B.R.507 (E.D.N.Y. 1994) (Section 365(h) was designed to preserve a lessee's possessory interests in its leasehold while allowing a debtor-lessor to escape the burden of providing continuing services to a tenant). Accordingly, the Action for Possession will not result in any great prejudice to the Debtor or its estate.

24. On the other hand, if the stay is not modified, the hardship to Commercial Coin will be severe and will greatly outweigh any potential hardship to the Debtor. Commercial Coin will be unable to enforce its lawful and continuing right to exclusive possession of the Leased Premises and to redress the prepetition forcible eviction and the extensive damages that Commercial Coin has suffered to date, and continues to suffer, in the form of lost profits and

equipment, as a direct result of the dispossession. Indeed, the continuation of the stay would preserve the *status quo* and reward the Debtor for perpetrating an unlawful eviction.

25. Furthermore, although Commercial Coin has elected under section 365(h) to retain all of its substantive rights under the Leases and its leasehold interests in the Leased Premises, Commercial Coin cannot effectuate those rights unless and until it recovers possession of the Leased Premises and resumes operation of its commercial laundry business pursuant to the terms of the Leases.

26. Therefore, continuation of the stay would effectively negate Commercial Coin's election under the statute not to treat the Leases as terminated and the Debtor's rejection of the Leases would operate to divest Commercial Coin of its leasehold estates and result in a forcible eviction and dispossession of Commercial Coin that section 365(h) is intended to prevent. *In re Lee Road Partners Ltd.*, 155 B.R. at 60-61.

27. Lastly, there is little question that Commercial Coin has a strong probability of prevailing on the merits. When the Debtor purchased the Property in 2005, the Debtor stepped into the shoes of the previous owner and took the Property subject to existing valid leases, including the Leases with Commercial Coin. *In re Randall Plaza Center Associates, L.P.*, 326 B.R. 133, 141 (Bkrtcy. N.D. Ill. 2005), citing *Bellows v. Ziv*, 38 Ill. App. 2d 342, 351, 187 N.E.2d 265, 269 (1962).

28. At all relevant times, therefore, Commercial held (and continues to hold) valid, enforceable, and unexpired Leases which were binding on the Debtor according to their express terms. Accordingly, the Debtor had no lawful right to terminate the Leases or to exercise self-help to remove Commercial Coin's equipment and forcibly evict Commercial Coin from the Leased Premises. Such action by the Debtor violated fundamental principles of landlord/tenant

law that have existed in Illinois for over 150 years. 735 ILCS 5/9-101, *et seq.*; *People v. Evans*, 163 Ill. App. 3d 561, 516 N.E. 2d 817 (1987).

29. A proposed order is attached.

**WHEREFORE**, Commercial Coin prays for the entry of an order granting Commercial Coin relief from the automatic stay to allow Commercial Coin to commence and prosecute a Forcible Entry and Detainer Action under applicable Illinois law to recover possession of the Leased Premises.

Respectfully Submitted,

COMMERCIAL COIN LAUNDRY SYSTEMS
a creditor and party in interest

By: _/s/ August A. Pilati_
One of its attorneys

August A. Pilati, Esq. (03125503)
Kenneth A. Fedinets, Esq. (03124303)
AUGUST A. PILATI AND ASSOCIATES, LTD.
53 West Jackson Boulevard, Suite 528
Chicago, Illinois 60604
(312) 726-3100