# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERMANO, LLC | ) | Case No. 09-08457 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Chief Judge Carol A. Doyle |
| | ) | |
| | ) | |

## NOTICE OF FILING

To:   See attached service list

     PLEASE TAKE NOTICE that on October 14, 2009, I caused to be electronically filed, this <u>Notice of Filing</u> and the <u>Debtor's Response to Centrue Bank's "Motion for Relief From Stay the Automatic Stay and in the Alternative Motion for Adequate Protection"</u> with the Clerk of the Bankruptcy Court for the Northern District of Illinois.

                                        /s/ Michael V. Ohlman
                                        One of Debtor's attorneys

Forrest L. Ingram, P.C.
Forrest L. Ingram #3129032
Michael V. Ohlman
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

## CERTIFICATE OF SERVICE

     I, Michael V. Ohlman, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document, to which it refers, on all parties entitled to service, by electronic filing through ECF, or by regular U.S. mail, or fax, as set forth on the attached service list, at or before on October 14, 2009.

                                        /s/ Michael V. Ohlman

*SERVICE LIST*

**Via ECF:**

**William T Neary**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

**Commercial Coin Laundry Systems**
c/o Robert Koback
Russel G. Winick & Associates, P.C.
1220 Iroquois Avenue
Suite 100
Naperville, IL 60563
rkoback@winicklaw.com

**Able Aire Service**
1874 County Road 1600 N#A
Urbana, IL 61802

**Ameren IP**
2200 E Eldorado Street
Decatur, IL 62521

**Area Disposal Service**
Route 51 S
Clinton, IL 61727

**Arthur L. Mann**
507 S. Broadway Ave.
Urbana, IL 61801

**AT&T**
P.O. Box 277019
Atlanta, GA 30384-7019

**Champaign County Assessor**
1776 E. Washington
Urbana, IL 61802

**Commercial Coin Laundry**
c/o August A. Pilati, Esq.
August A. Pilati and Associates, Ltd.
53 West Jackson Boulevard, Suite 528

Chicago, Illinois 60604

**Insight/Comcast**
One Comcast Centeer
Philadelphia, PA 19103

**Interline Brands, Inc. - Bankruptcy**
801 West Bay Street
Jacksonville, FL 32204

**Midstate Collection Solutions**
1711 S Neil Street #2
Champaign, IL 61820

**Orkin Pest Control**
4110 Fieldstone Rd
Champaign, IL 61822

**Technology Specialists Group, Inc.**
201 W Springfield Ave, Ste 909
Champaign, IL 61820

**Tessie Cuy**
P.O. Box 8726
Emeryville, CA 94662

**Urbana-Champaign Sanitary District**
Mike McCormick
Erwin, Martinkus & Cole, Ltd.
411 West University Ave.
Champaign, IL  61820

**Via Mail and Fax:**

**City of Urbana**
c/o City of Urbana Legal Division
Curt Borman
400 S. Vine Street
Urbana, IL 61801
Fax (217) 384-2460

**Centrue Bank**
321 West Main Street
Ottawa, Illinois 61350
Fax (217) 422-1754 (c/o Attorney Faiq Mihlar)

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERMANO, LLC | ) | Case No. 09-08457 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Chief Judge Carol A. Doyle |
| | ) | |

**DEBTOR'S RESPONSE TO CENTRUE BANK'S "MOTION
FOR RELIEF FROM STAY THE AUTOMATIC STAY AND IN
THE ALTERNATIVE MOTION FOR ADEQUATE PROTECTION"**

Now comes the Debtor and Debtor in Possession, TERMANO, LLC (the "Debtor" or "Termano"), by and through its attorneys, Forrest L. Ingram, P.C., and in response to Centrue Bank's (hereinafter referred to as "Centrue") Motion for Relief from the Automatic Stay and in the Alternative Motion for Adequate Protection, states as follows:

1. Termano, LLC, filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on March 13, 2009. The Debtor has retained possession of its assets and has continued the operation and management of its business.

2. The Debtor is engaged in the business of converting rental units into condominium units and then selling the converted units.

3. The Debtor's primary asset consists of property commonly known as 904-908 North Broadway Ave., Urbana, Illinois 61801 (hereinafter, "real estate").

4. The real estate comprises 6 buildings which contain 108 rental units. Termano has sold and closed on 53 units as condos, leaving 55 units in the 6 buildings as yet unsold.

1

5. The Lender claims a priority lien and security interest in all of the Debtor's fifty-five (55) convertible rental units and the rents derived from said units, to secure the indebtedness to the lender.

6. On September 29, 2009, Centrue filed their "Motion for Relief from the Stay Automatic Stay and in the Alternative Motion for Adequate Protection."

7. The Lender continues to make the claim that Lender is owed a $2,360,284.77 in pre-petition obligations. However, the Debtor continues to question the validity, priority, enforceability, and/or extent of the claimed lien.

8. Most importantly, the Debtor and Lender disagree as to the amount the Debtor was indebted to the Lender on the Petition Date under the Promissory Note dated as of April 13, 2006. In its proof of claim filed April 6, 2009 and in its motion to lift the stay, Lender alleges that on the Petition Date, the Debtor owed the principal amount of $2,006,103.77, interest in the sum of $144,433.29, late charges and other penalties of $208,033.42, and attorney fees of $1,714.29 for a total pre-petition claim of $2,360,284.77. However, the schedules published on the Lender's website asserted that the Debtor owed the principal amount of $1,968,303.77 on April 13, 2006. Due to the clear discrepancy, the Debtor contests the other amounts and calculations set forth by the Lender in its proof of claim.

9. The Lender also claims that the Debtor lacks equity in the real estate. However, this contention is directly tied to the disputed amounts claimed and a transmittal letter from James H. Webster & Associates. The Lender claims the transmittal letter is a valid appraisal of the real estate's value; however, the transmittal letter

2

     does not include the other "integral parts of the appraisal report, and the entire document must be considered as a whole." (see Exhibit A)

10. Also, while the transmittal letter places the value on the real estate at $1,800,000.00, the Lender does not give details on the methods used to appraise the property, does not include the "pertinent data leading to the opinion of value," and whether the appraiser took the property as a whole or whether each condominium unit was individually appraised. (see Exhibit A)

11. The Debtor disputes that the transmittal letter is a valid assessment of the value of the real estate and the Debtor continues to assert that the Lender is in fact an over-secured creditor based on the values listed on Schedule A for the fifty-five (55) convertible units. Debtor further contends that the actual sales prices provide a better estimation of the value of the units than does Lender's alleged and contested appraisal.

12. The Debtor estimates that on average, the income generated from each sale of the units, less the costs of the sale, should be about $57,000. The total value of the 55 convertible units is therefore, $3,437,500.00; far exceeding even the Lender's most aggressive figures which are still in dispute. Therefore, the Lender is adequately protected by the equity cushion.

13. Further, the Debtor is attempting to go forward with sales of the property which will cure any alleged arrears claimed by Lender and pay the Lender's claim in full. Upon completion of the sales, the Lender's interests will be protected because their lien on the property will automatically attach to the sale proceeds.

3

14. Currently, the Debtor has a sales agreement in place to sell ten units for a discounted price of $50,000; Debtor also has contracts for sale on four individual units for $63,500.00 each; and an additional eight units to be sold in bulk at the rate of $50,000.00 each, contingent on the closing of the initial bulk units. Based on the sales volume and prices garnered on the open market, it is clear that the Lenders' appraisal is unrealistically negative and the property value is much closer to the $3,437,500.00 asserted by the Debtor.

15. The final claim the Lender makes is that the real estate is not necessary for an effective re-organization. This statement is made without support and without merit. The Lender overlooks that Termano, LLC, is engage in the business of converting rental units into the sale of condominium units and that the remaining fifty-five (55) units constitute the Debtor's only property.

16. Debtor's rental payments are generating income allowing the Debtor to improve other units and prepare them for sale. Debtor actively markets the condominium units and sales are proceeding. Therefore, the property is necessary for the Debtor to succeed in its plan of reorganization.

WHEREFORE, the Debtor, Termano, LLC, respectfully requests that this Honorable Court deny all relief sought by Centrue Bank in its "Motion for Relief from Stay the Automatic Stay and in the Alternative Motion for Adequate Protection" and grant the Debtor such other and further relief as this Court deems just and equitable.

                          Respectfully submitted,

                          Termano, LLC

               By:    /s/ Forrest L. Ingram
                      One of its attorneys

Forrest L. Ingram #3129032
Forrest L. Ingram P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

5