IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 09 B 8457 |
| | ) | |
| TERMANO, LLC, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | Hearing Date:   March 2, 2010 |
| | ) | Hearing Time:  10:30 a.m. |

**REPLY OF COMMERCIAL COIN LAUNDRY SYSTEMS
IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Commercial Coin Laundry Systems ("Commercial Coin"), a creditor and party in interest herein, by its attorneys, August A. Pilati and Associates, Ltd., files this reply in support of its pending Motion (the "Motion") seeking relief from the automatic stay pursuant to 11 U.S.C. §362(d) for the limited purpose of allowing Commercial Coin to commence and prosecute a Forcible Entry and Detainer Action in Champaign County, Illinois (the "Action for Possession") in order to recover possession of the Leased Premises and to enable Commercial Coin to effectuate its statutory rights and remedies under 11 U.S.C. §365(h)(1)(A)(ii). **Unless otherwise indicated, all of the capitalized terms used herein shall have the same meaning given to them in the Motion.**

**I.**

**CAUSE EXISTS TO GRANT COMMERCIAL
COIN RELIEF FROM THE AUTOMATIC STAY**

1.      Section 362(a) operates as a stay of, among other things, "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding that was or could have been commenced before the commencement of

the case under this title, . . .; . . . (3) any act to obtain possession of property of the estate or of property from the estate . . ." 11 U.S.C. §362(a)(1) and (3).

2.    As a party in interest, Commercial Coin is entitled to relief from the automatic stay pursuant to section 362(d)(1) upon a showing of "cause." Cause for lifting the stay, other than lack of adequate protection, is not defined in the statute, and is determined on a case-by-case basis. However, the legislative history confirms that Congress intended that the stay be lifted to allow an action to proceed in forums other than the bankruptcy court under appropriate circumstances. H.R. Report No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978).

3.    In deciding the question of whether cause exists to allow a creditor to pursue litigation in another forum, courts have balanced the competing equities by considering the following factors: (a) whether any **great prejudice** to either the debtor or its estate will result from continuation of the civil suit; (b) whether the hardship to the creditor by maintenance of the stay considerably outweighs the hardship of the debtor; and (c) the creditor has a probability of prevailing on the merits. *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill. 1986); *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

4.    In its Response, the Debtor chooses not to address and discuss the relevant equitable considerations directly and substantively within the factual context of the instant controversy. Instead, the Debtor attempts to distinguish the above-cited cases from the contested matter *sub judice* strictly on a factual basis. Such an analysis, however, is neither appropriate nor meaningful for the simple reason that Commercial Coin's request for relief from the stay arises out of a highly unusual, indeed novel, set of facts and circumstances that do not remotely resemble the facts presented in *Pro Football Weekly* or *Fernstrom*.

2

**A.    The Action for Possession is a speedy, statutory remedy specifically designed to restore rights of possession to persons, such as Commercial Coin, who are entitled to possession.**

5.    Rather than discussing the competing equities, the Debtor relies heavily on the fact that Commercial Coin is seeking to commence new litigation, as opposed to continuing pending litigation that existed prior to the filing of the petition, and in so doing, is attempting "to abrogate judicial economy in favor of creating new litigation, causing both parties to spend time and money needlessly pursuing and defending claims in state court." (Response at 3).

6.    First, the Debtor's attempt to draw a distinction between commencing a new lawsuit and continuing a pending action is legally insignificant because the scope of the automatic stay encompasses both types of actions so long as they are based on prepetition claims. It is indisputable that Commercial Coin's claim for possession arose prior to the Petition Date and, therefore, is subject to the stay.

7.    Second, it would be inequitable to deny Commercial Coin relief from the stay simply because the Debtor won the proverbial "race to the courthouse" and filed its petition shortly after Commercial Coin discovered that its equipment had been wrongfully removed by the Debtor from the Leased Premises and before Commercial Coin could file a forcible entry and detainer action in state court.

8.    The Debtor's contention that Commercial Coin is seeking to undermine judicial economy is equally specious. The issue of possession is governed entirely by Illinois law, which provides a speedy, statutory remedy to determine the precise issue presented by the instant controversy.

9.    The Action for Possession is a summary statutory proceeding with the singular and distinct purpose of **restoring possession to one who is entitled to the right of possession.** *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 256, 263 N.E.2d 833, 838 (1970). "A forcible entry

and detainer proceeding is a summary statutory proceeding to adjudicate and restore rights of possession and as such should not be burdened by matters unrelated to the issue of possession." *Subway Restaurants, Inc. v. Riggs*, 696 N.E.2d 733, 736, 297 Ill. App. 3d 284 (1st Dist. 1998). The only questions to be answered in such a proceeding are which party is entitled to possession and whether a defense that is germane to the distinctive purpose of the action defeats the plaintiff's asserted right to possession. *Id.*

10.    Given the summary nature and distinctive purpose of the Action for Possession, coupled with the absence of any genuine issue or dispute concerning the material facts and circumstances giving rise to Commercial Coin's claim, the costs of defending the Action for Possession should be relatively modest and not burdensome to the Debtor or its estate. Furthermore, the cost of defense alone is ordinarily not considered a sufficient basis for denying relief from the stay. *In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008 (Bkrtcy. N.D. Ala. 1996). Even if it were, given the unique facts and circumstances of this case, the Debtor should not be heard to complain of the cost of defending an action necessitated to undo a forcible eviction perpetrated by the Debtor's unlawful exercise of self-help. See, *In re Mayer Pollock Steel Corp.*, 157 B.R. 952, 965, 966 (Bkrtcy. E.D. Pa. 1993) ("balance of hardships" tips in favor of unsecured creditor entitled to relief from stay when debtor has engaged in morally culpable conduct that creditor seeks to undo, and creditor does not seek to pursue assets of the estate); *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984)("Suspension of Section 362 stay provisions may be consonant with purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.")

4

**B.    Allowing Commercial Coin to proceed with the Action for Possession will not result in any great prejudice to the Debtor or its estate.**

11.    It is noteworthy that the Debtor's Response is devoid of any facts or arguments tending to show how and to what degree granting Commercial Coin relief from the stay in order to commence and prosecute an *in rem* action to recover possession of the Leased Premises will result in any prejudice to either the Debtor or its estate, let alone any **great prejudice** that is required to tip the "balance of hardships" in favor of the Debtor.

12.    Granting Commercial Coin relief from the stay will not result in any great prejudice to the Debtor, its estate, or other creditors. If Commercial Coin is allowed to proceed with the Action for Possession, Commercial Coin will only seek an order placing Commercial Coin in lawful, peaceful, and exclusive possession of the Leased Premises in order to undo the prepetition forcible eviction and to allow Commercial Coin to effectuate its statutory rights triggered by the Debtor's rejection of the Leases. Notwithstanding the substantial damages that Commercial Coin has suffered to date, and continues to suffer, in the form of lost profits and equipment caused by the prepetition dispossession, and resulting cessation of its commercial laundry business at the Leased Premises, Commercial Coin will not seek any damages or *in personam* judgment against the Debtor or its estate in the Action for Possession.

13.    Furthermore, the Action for Possession will have little or no impact on the Debtor's reorganization efforts. The Debtor has proposed a liquidating plan that proposes to pay creditors over a period of years from the proceeds of the future sales of the remaining unsold condo units at the Property. Accordingly, the feasibility and implementation of the Debtor's liquidating plan will in no way be adversely impacted by the Action for Possession, which will simply determine whether Commercial Coin or Coinmach Corporation, the current occupant of the Leased Premises, will operate and maintain the coin-operated laundry rooms utilized by the tenants and unit owners at the Property. Thus, contrary to the Debtor's claim that an adverse

5

judgment in the Action for Possession will impair the Debtor's ability to reorganize, granting the

requested relief will not affect the Debtor's ability to sell the remaining units as proposed in its

liquidating plan or its continued management and operation of the Property.

14.    Indeed, as a result of its rejection of the Leases, the Debtor has been relieved of its

obligations of future performance under the Leases, such as payment of utilities. *In re Lee Road

Partners, Ltd.*, 155 B.R. 55, 60-61 (Bkrtcy. E.D.N.Y. 1993). Therefore, if Commercial Coin is

allowed to proceed with the Action for Possession and is restored to possession of the Leased

Premises, then Commercial Coin's only recourse will be to offset against the rent reserved under

the Leases for the balance of the term, the amount of any damages caused by the Debtor's

nonperformance of its obligations after the date of the rejection. Commercial Coin will have no

right to damages or any other relief against the Debtor or its estate. 11 U.S.C. §365(h)(1)(B).

**C.      The Debtor should not be allowed to use the automatic stay as a sword to divest
Commercial Coin of its substantive rights and leasehold estates.**

15.    Section 365(h)(1)(A) of the Bankruptcy Code reads, in its entirety, as follows:

> "If the trustee rejects an unexpired lease of real property under which the debtor is
> the lessor and —

> (i)    if the rejection by the trustee amounts to such a breach as would entitle the
> lessee to treat such lease as terminated by virtue of its terms, applicable
> nonbankruptcy law, or any agreement made by the lessee, then the lessee
> under such lease may treat such lease as terminated by the rejection; **or**

> (ii)    **if the term of such lease has commenced, the lessee may retain its
> rights under such lease (including rights such as those relating to the
> amount and timing of payment of rent and other amounts payable by
> the lessee and any right of use, possession, quiet enjoyment,
> subletting, assignment, or hypothecation)** that are in or appurtenant to
> the real property for the balance of the term of such lease and for any
> renewal or extension of such rights to the extent that such rights are
> enforceable under applicable nonbankruptcy law."

(emphasis added).

6

16.     While conceding in the Response Commercial Coin's statutory right to choose and its entitlement to retain its possessory and other substantive rights under the Leases, the Debtor argues that the stay should not be modified because Commercial Coin's remedy should be limited to filing a proof of claim for damages and working within the plan process. (Response at 4-5). Commercial Coin is unaware of any authority, statutory or case law, to support the Debtor's assertions, and none is cited by the Debtor in the Response.

17.     It is undisputed that the ten-year term of the Leases that is now in effect commenced on January 15, 2002, pursuant to the express terms of Section 8 of the Leases. Accordingly, when the Debtor rejected the Leases in September, 2009, Commercial Coin elected not to treat the Leases as terminated, but rather to retain its substantive rights under the Leases, including its right to use, possession, and enjoyment of the Leased Premises for the balance of the term of the Leases.

18.     However, Commercial Coin is unable to effectuate its rights under section 365(h)(1)(A)(ii) so long as it is precluded by the stay from seeking and obtaining an order restoring its right of possession of the Leased Premises, thereby allowing Commercial Coin to resume the operation of its commercial laundry business for the approximately two (2) years remaining on the term of the Leases.

19.     There is no question, therefore, that Commercial Coin will suffer severe and continuing hardship caused by preservation of the prepetition *status quo* if the stay is not modified for the limited purpose of allowing Commercial Coin to pursue a speedy, statutory remedy provided by Illinois law in order to undo the unlawful eviction and to be restored to possession of the Leased Premises.

20.     It is equally apparent that the extreme hardship to Commercial Coin resulting from continuation of the stay greatly outweighs the hardship, if any, to the Debtor. If, as the

7

Debtor urges, the stay remains in effect, Commercial Coin will be effectively divested of its property rights and leasehold estates, and the Debtor's rejection of the Leases would operate as a forced termination of the Leases and forcible eviction, all in direct contravention of the statute. *Lee Road Partners*, 155 B.R. at 60-61 (Section 365(h) was designed to preserve a lessee's possessory interests in its leasehold); *In re Carlton Restaurant, Inc.*, 151 B.R. 353, 356 (Bkrtcy. E.D.Pa. 1993) (Section 365(h) seeks to prevent forcible evictions whenever possible). *In re Edgins*, 36 B.R. 480, 484 (9th Cir. BAP 1984)(The shield of §362(a) should not be used as a sword to divest other parties of legitimate interests in property).

**D.     Commercial Coin has a strong probability of prevailing on the merits and recovering possession of the Leased Premises.**

21.     There is little doubt that Commercial Coin has a strong probability of prevailing on the merits in the Action for Possession.  As the lessee under valid and unexpired Leases, Commercial Coin holds a right to exclusive use, possession and enjoyment of the Leased Premises that is superior to the reversionary interest of the Debtor as lessor, and any person claiming under the Debtor, including Coinmach Corporation, the current occupant of the Leased Premises.

22.     Moreover, the Debtor had no lawful right to terminate the Leases, which had automatically renewed in 2002 for an additional 10-year term pursuant to Section 8 of the Leases after Commercial Coin elected not to exercise its right to terminate the Leases.

23.     The Debtor has admitted removing Commercial Coin's laundry equipment from the Leased Premises and placing it on the street in January, 2009.  The Debtor's unlawful use of "self help" to forcibly evict Commercial Coin from the Leased Premises was a flagrant violation of longstanding Illinois law.  735 ILCS 5/9-101, *et seq.*; *People v. Evans*, 163 Ill. App. 3d 561, 516 N.E.2d 817 (1987).

## II.

## CONCLUSION

For the reasons more fully set forth above, Commercial Coin submits that the relevant equitable considerations weigh heavily in its favor and warrant a determination by the Court that cause exists to modify the stay to allow Commercial Coin to pursue the Action for Possession in state court in order to effectuate its rights pursuant to section 365(h)(1)(A)(ii) of the Bankruptcy Code.

Respectfully Submitted,

COMMERCIAL COIN LAUNDRY SYSTEMS
a creditor and party in interest

By:_____*/s/ August A. Pilati*_____
        One of its attorneys

August A. Pilati, Esq. (03125503)
Kenneth A. Fedinets, Esq. (03124303)
AUGUST A. PILATI AND ASSOCIATES, LTD.
53 West Jackson Boulevard, Suite 528
Chicago, Illinois  60604
(312) 726-3100

9